# UNITED STATES JUDICIAL PANEL
## on
## MULTIDISTRICT LITIGATION

**IN RE: ARRIVALSTAR S.A. FLEET MANAGEMENT
SYSTEMS PATENT LITIGATION**                              MDL No. 2253

## ORDER DENYING TRANSFER

 **Before the Panel:**[*] Pursuant to 28 U.S.C. § 1407, defendant in a Southern District of Florida infringement action, CES Wireless Technologies Corp., seeks centralization in the Southern District of Florida. This litigation currently consists of nineteen actions[1] listed on Schedule A and pending in seven districts.[2]

 Patentholders ArrivalStar S.A. and Melvino Technologies Ltd. (ArrivalStar) oppose centralization and, alternatively, suggest centralization in the Northern District of Illinois. Two governmental entities – The Port Authority of New York and New Jersey and The Maryland Transportation Administration – oppose centralization of the respective actions brought against them.

 On the basis of the papers filed and hearing session held, we are not persuaded that centralization would serve the convenience of the parties and witnesses or further the just and efficient conduct of this litigation at this time. These actions do involve similar allegations of infringement or invalidity of one or more of sixteen patents in a common family of ArrivalStar patents, which are generally directed to systems and methods that enable users to receive vehicle or shipment status and arrival information through common communication devices (i.e., telephones, wireless communication devices, personal digital assistants and personal computers). Despite the existence of some factual overlap among the present actions, CES Wireless – the sole proponent of centralization – has failed to convince us that centralization is necessary or even advantageous.

 To the contrary, the patentholder, and other parties opposing centralization of their individual actions, have convinced us that centralization in fact may thwart the orderly resolution of these patent

---

 [*] Judges Frank C. Damrell, Paul J. Barbadoro and Marjorie O. Rendell did not participate in the decision of this matter.

 [1] Defendants' motion originally included 34 actions, but fifteen actions have since been dismissed.

 [2] The parties notified the Panel of sixteen related actions pending in three districts.

- 2 -

cases.  ArrivalStar has brought nearly 100 actions since it began bringing infringement suits in various districts across the country approximately seven years ago, and none of the actions thus far appear to have required significant judicial attention.  Significantly, at oral argument, ArrivalStar informed the Panel that no action similar to those now before the Panel has proceeded to a claims construction hearing.  Even if several actions were to proceed to claims construction, the diversity of defendants' businesses[3] may hinder the alleged infringers' ability to adopt common positions regarding the interpretation of common claims of the various patents, which thereby diminishes some of the potential efficiencies created by centralization.  Moreover, the trend of quick dismissals in most actions suggests that the advantages centralization typically affords – i.e., reducing duplicative discovery and motion practice, etc. – may not be relevant to most litigants.

Though we are denying centralization, we nevertheless encourage the parties to pursue various alternative approaches, should the need arise, to minimize the potential for duplicative discovery and inconsistent pretrial rulings.  *See, e.g., In re Eli Lilly and Co. (Cephalexin Monohydrate) Pat. Litig.*, 446 F.Supp. 242, 244 (J.P.M.L. 1978); *see also Manual for Complex Litigation, Fourth*, § 20.14 (2004).

IT IS THEREFORE ORDERED that the motion pursuant to 28 U.S.C. § 1407, for centralization of the actions listed on Schedule A is denied.

PANEL ON MULTIDISTRICT LITIGATION

John G. Heyburn II
Chairman

Kathryn H. Vratil                    W. Royal Furgeson, Jr.
Barbara S. Jones

---

[3]     ArrivalStar brings these cases against defendants in a wide range of fields – from public transit companies, geofencing companies and airlines, to department stores and transportation companies.

**IN RE: ARRIVALSTAR S.A. FLEET MANAGEMENT
SYSTEMS PATENT LITIGATION**                    MDL No. 2253


## SCHEDULE A


Central District of California

ArrivalStar S.A., et al v. AnyData Corp., et al., C.A. No. 8:11-00524

Southern District of Florida

ArrivalStar S.A., et al. v. SEKO Worldwide, LLC, et al., C.A. No. 1:10-23144
ArrivalStar S.A., et al. v. Macy's, Inc., et al., C.A. No. 1:11-20166
ArrivalStar S.A., et al. v. New Breed Logistics, Inc., et al., C.A. No. 1:11-20236
ArrivalStar S.A., et al. v. Daniel F. Young, Inc., et al., C.A. No. 1:11-20628
ArrivalStar S.A., et al. v. CEVA Logistics U.S., Inc., et al., C.A. No. 1:11-21293
ArrivalStar S.A., et al. v. Geodis Wilson USA, Inc., et al., C.A. No. 1:11-21297
ArrivalStar S.A., et al. v. Intermec Technologies Corp., et al., C.A. No. 1:11-21371
ArrivalStar S.A., et al. v. Ramco Systems Corp., et al., C.A. No. 1:11-21376
ArrivalStar S.A., et al. v. Genco Distribution System, Inc., d/b/a Genco ATC, et al.,
   C.A. No. 1:11-21445
ArrivalStar S.A., et al. v. Encore Forwarding, Inc., et al., C.A. No. 1:11-21493
ArrivalStar S.A., et al. v. CES Wireless Technologies Corp., C.A. No. 2:11-14201

Northern District of Illinois

ArrivalStar S.A., et al. v. Northeast Illinois Regional Commuter Railroad Corporation,
   C.A. No. 1:11-01502
ArrivalStar S.A., et al. v. Nimble Wireless, Inc., C.A. No. 1:11-01515

District of Maryland

ArrivalStar S.A., et al. v. Maryland Transit Administration, C.A. No. 1:11-00761

Southern District of New York

Arrivalstar S.A., et al. v. The Port Authority of New York and New Jersey,
   C.A. No. 1:11-01808

Southern District of Ohio

Cincinnati Bell, Inc. v. Arrivalstar S.A. et al., C.A. No. 1:11-00274

- A1 -

<u>Western District of Washington</u>

Enroute Systems Corp. v. ArrivalStar SA, et al., C.A. No. 2:11-00451
ArrivalStar S.A., et al. v. King County, C.A. No. 2:11-00461